IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DONNA J. SATTERLEE, PH.D | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: SAG-25-02403 |
| v. | * | |
| | * | |
| UNIVERSITY OF MARYLAND EASTERN SHORE, *et al.* | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Donna J. Satterlee brings this action against her former employer, the University of Maryland Eastern Shore ("UMES"), as well as the University System of Maryland and several employees of both entities (collectively, "Defendants") arising out of her employment with and resignation from UMES. ECF 7. Defendants have jointly filed a motion to dismiss the complaint, ECF 21, which Plaintiff opposed, ECF 26. Defendants then jointly filed a reply. ECF 28. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Defendants' motion to dismiss will be granted.

I. **BACKGROUND**

The following facts are derived from Plaintiff's complaint, ECF 7, and are assumed to be true for purposes of this motion.

Plaintiff previously worked as a tenured associate professor at UMES. *Id.* ¶ 1. On several occasions throughout her tenure, Plaintiff raised allegations of unequal treatment by her department chair, Defendant Dr. Grace Namwamba. *Id.* ¶¶ 6, 56–59. In early 2024, Defendant Namwamba filed allegations of workplace bullying against Plaintiff with the UMES Office of

Institutional Equity. *Id.* ¶ 79. After conducting what Plaintiff describes as a "sham investigation," that Office issued a final report making an adverse finding against Plaintiff and imposing a sanction of termination. *Id.* ¶¶ 79, 81, 84. Plaintiff alleges that the Office lacks authority to issue such a sanction. *Id.* ¶ 84.

Defendants then used this threat of termination to "coerce" Plaintiff into resigning by signing a Transitional Terminal Leave Agreement (the "Agreement"), which ended her employment in late 2024. *Id.* ¶¶ 85, 135. She further alleges that "Defendants preyed on Plaintiff's extreme distress, anxiety, panic attacks, health conditions, and economic vulnerability to coerce her into signing [the Agreement]." *Id.* ¶ 138.

Plaintiff now brings several federal and state claims arising out of her employment and the process by which it ended, including a claim that Defendants fraudulently induced her to enter into the Agreement.

## II.   LEGAL STANDARD

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as

true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Defendants argue that all of Plaintiff's claims must be dismissed because she released them in the Agreement. Release constitutes an affirmative defense. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 435 n.9 (2017). A court may not reach an affirmative defense in deciding a Rule 12(b)(6) motion to dismiss unless all facts necessary to establish the defense are alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, without converting a motion to dismiss into a motion for summary judgment, a court may consider, in addition to the complaint, documents attached to or incorporated into the complaint and documents "integral to and explicitly relied on in the complaint" whose authenticity is not challenged. *E.I. du Pont de Nemours*, 637 F.3d at 448 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

The parties ask this Court to consider several documents in addition to the complaint as pertinent to this argument. Defendants ask that this Court consider the Agreement itself, as well as an email from Plaintiff's prior counsel to Defendants' counsel that discusses the possibility of entering the Agreement. ECF 21-4, 21-5. Additionally, both Defendants and Plaintiff ask this Court to consider different documents relating to a fitness for duty evaluation that Plaintiff underwent. ECF 26-1, 28-1.

This Court concludes that it may consider only the Agreement, which Plaintiff not only explicitly references in the complaint, but also forms the basis for her claim that Defendants fraudulently induced her to enter into it. Furthermore, Plaintiff does not contest the authenticity of this document. In contrast, the complaint makes no mention of a fitness for duty evaluation or discussions between counsel. Although these other documents might be relevant to Plaintiff's claims, they are not "integral to and explicitly relied on in the complaint." Accordingly, this Court will consider only the complaint and the Agreement in evaluating this motion.

The Agreement provides, in pertinent part:

> In consideration for the promises set forth in this Agreement, EMPLOYEE, on their own behalf as well as on behalf of their heirs, administrators and assigns, unconditionally releases and forever discharges the UNIVERSITY, the State of Maryland, the Board of Regents of the University System of Maryland, the University System of Maryland and the respective agents, servants and employees of each of the above entities (the "Releasees") in both their personal and official capacities, from any and all claims, charges, actions, suits, damages and expenses, including attorneys' fees, from the beginning of time until the Effective Date of this Agreement (as defined below in Section IV.D.), which relate or pertain to EMPLOYEE's UNIVERSITY employment, including, but not limited to, any claims arising from alleged violations of laws (federal, state, and local), Executive Orders, and regulations, including the Bylaws, Policies and Procedures of the Board of Regents of the University System of Maryland and the UNIVERSITY, and any and all claims arising under the Age Discrimination in Employment Act of 1967, as amended.

ECF 21-5 at 5. Plaintiff does not dispute that this language covers all of the Defendants and claims in this case.

Instead, Plaintiff argues that the Agreement, and therefore the release that it contains, is void. *See Levy v. Allegis Grp., Inc.*, 2025 WL 2711552, at *5 (D. Md. Sept. 23, 2025) (denying motion to dismiss based on affirmative defense of release because plaintiff alleged that release agreement was void). This argument rests primarily on Plaintiff's fraudulent inducement claim, which alleges that Defendants fraudulently induced her to enter into the Agreement. A party may

4

rescind a contract if the other party to the contract fraudulently induced her to enter into it. *Swinton Home Care, LLC v. Tayman*, 264 Md. App. 487, 498–99 (2025). Fraudulent inducement requires, in pertinent part, the making of a false representation. *Id.* at 496.

This Court concludes that, at present, Plaintiff has failed to sufficiently plead fraudulent inducement because the complaint does not allege any particular false representation made to her. She alleges that Defendants "coerced" her into signing the Agreement through the threat that she would be fired immediately. ECF 7 ¶¶ 85, 135. Plaintiff does not allege, however, that this threat was false. Even though Plaintiff contends that such a termination would have been unlawful, nothing in the complaint suggests that Plaintiff would not have actually been terminated had she refused to sign the Agreement. Furthermore, Plaintiff identifies no other allegedly false representations that led her to sign the Agreement.

Plaintiff also appears to argue that the Agreement is void because of her mental state at the time that she signed it. The complaint alleges that "Defendants preyed on Plaintiff's extreme distress, anxiety, panic attacks, health conditions, and economic vulnerability to coerce her into signing [the Agreement]." This allegation similarly fails to sufficiently plead any basis for recission of the Agreement. The economic vulnerability attendant to the potential loss of a job cannot itself invalidate a termination agreement; otherwise, employers and employees could never enter into such agreements. *See Cassiday v. Greenhorne & O'Mara, Inc.*, 220 F. Supp. 2d 488, 492 (D. Md. 2002). Furthermore, to the extent that Plaintiff believes that her health conditions rendered her mentally incapable of contracting, she has not alleged whether or how any of those conditions or their combination prevented her from understanding the Agreement and its consequences.

Because the release in the Agreement covers all of the Defendants and claims in this case and Plaintiff has failed to sufficiently plead that the Agreement is void or voidable, this Court must dismiss Plaintiff's complaint in its entirety. Because Plaintiff may be able to plead sufficient facts to establish that the contract is void or voidable, however, her claims will be dismissed without prejudice.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, ECF 21, is granted. Plaintiff's claims are dismissed without prejudice. A separate Order follows.

Dated: February 25, 2026                     /s/
                                             Stephanie A. Gallagher
                                             United States District Judge